# AFFIDAVIT

I, Harry Schmidt, a Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the DHS, HSI, San Juan, Puerto Rico, and have been duly employed in this position since October 2010. I am currently assigned to the San Juan Border Enforcement Security Task Force (SJ-BEST), where investigations are conducted related to violations of Title 18, Title 19, Title 21, and Title 31, of the United States Code.

2. I have attended the United States Immigration and Customs Enforcement Special Agent Training (ICESAT), at the Federal Law Enforcement Training Center, in Glynco, Georgia.

3. Information set forth in this affidavit is based on my personal knowledge and on information provided to me by other criminal investigators, law enforcement officers, and other sources during the course of this investigation. The information is not a complete statement of all the facts related to this case. I have drafted this affidavit for the limited purpose of establishing probable cause for certain violations of law; therefore, I have not included all of the facts of this investigation.

4. Based on my training and experience, my knowledge of this case and my discussions with other law enforcement officers, I am familiar with the methods, schemes, and operations of narcotic traffickers. .

5. Based upon my training and experience, along with my personal

1

knowledge of the facts of this investigation to which this affidavit relates, your affiant respectfully submits that there is probable cause to believe that Scott Wesley PURDY, Joel RIJOS-Agusti and Roberto RODRIGUEZ-Lopez conspired to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 846.

## FACTS ESTABLISHINHG PROBABLE CAUSE

6. The following events took place on May 13, 2013:

7. United States Customs and Border Protection ("CBP") Officers at the Pan American Dock in San Juan, Puerto Rico, were conducting a routine inbound inspection of passengers and vehicles onboard Caribbean Fantasy Ferry returning from Santo Domingo, Dominican Republic.

8. CBP Officers selected passenger Scott Wesley PURDY who is a United States Citizen (USC), along with his vehicle, a 1997 white Ford Econoline bearing vehicle identification number 1FTFE242XVHA94867 and Puerto Rico license plate 591-824 for secondary inspection due to intelligence gathered indicating that PURDY had previously attempted to smuggle narcotics into the U.S.

9. Upon secondary inspection of PURDY'S vehicle, CBP officers scanned the vehicle with x-ray machine and an anomaly was identified in the engine compartment.

10. CBP Officers conducted a physical inspection of the vehicle and while inspecting underneath the hood of the vehicle, the battery was removed and revealed unusual items inside the windshield washer tank. The windshield washer tank was further inspected and revealed 188 pellet-shaped objects.

11. One of the pellet-shaped objects was field tested by CBP Officers and

2

reacted positive to Heroin. The total weight of the pellet-shaped objects was 2.67 kilograms.

12. PURDY was read his Miranda rights in his native language (English) by HSI Special Agents, which he read and waived by signing HSI statement of rights form.

13. During PURDY's interview, PURDY admitted to HSI agents that he knew the vehicle he was driving contained controlled substances.

14. Further investigation led HSI agents to a puma gas station at Avenue Fernandez Juncos in San Juan, PR. At approximately 3:00pm HSI agents set up a surveillance perimeter near the puma gas station along with the 1997 Ford Econoline that had previously been loaded with heroin, which was being driven by PURDY.

15. At approximately 4:00pm an individual later identified as Joel RIJOS-Agustin, driving a Toyota model Venza vehicle, bearing PR license plate HQF-719 arrived at the puma gas station, parked, exited his vehicle and approached PURDY and the van. PURDY and RIJOS exchanged vehicle keys and RIJOS entered the 1997 Ford Econoline and proceeded to drive away with the van allegedly loaded with narcotics.

16. At approximately 4:15pm, HSI agents along with PRPD Officers conducted a traffic stop of RIJOS as he left the premises of the puma gas station driving the 1997 Ford Econoline. PRPD agents placed RIJOS under arrest and transported him to HSI San Juan office facilities.

17. At approximately 5:00pm, HSI agents advised RIJOS of his constitutional rights to which he fully understood and decided to signed HSI waiver of rights form and agreed to be interviewed by agents. During the course of the interview, RIJOS admitted to agents that he had been coordinating with PURDY via telephone calls the delivery of

Heroin. RIJOS admitted to agents that he goes by the name of "Chaka". RIJOS also admitted to agents that he had previously been deported from the U.S. to the DR and that he was illegally present in the U.S.

18. Further investigation led HSI agents to a Walgreens pharmacy parking lot, near Ponce de Leon Ave., San Juan, PR. At approximately 7:00pm HSI agents set up a surveillance perimeter around the Walgreens parking lot.

19. Subsequently, an individual later identified by agents as Roberto RODRIGUEZ-Lopez ( hereinafter RODRIGUEZ) arrived at the Walgreens parking lot driving a Toyota, model Highlander vehicle, bearing P.R. License plate HHB-346. RODRIGUEZ proceeded to park his vehicle inside the Walgreens parking lot and contacted RIJOS in order to advise him of his arrival. At this time, RIJOS approached the vehicle of RODRIGUEZ carrying a box that contained sham heroin and delivered it to RODRIGUEZ.

20. Upon the delivery of the sham narcotics, HSI agents along with PRPD agents approached RODRIGUEZ, placed him under arrest and transported him to HSI San Juan office facilities.

21. At approximately 8:00pm, HSI agents advised RODRIGUEZ of his constitutional rights to which he fully understood and decided to sign the HSI waiver of rights form and agreed to be interviewed by agents. During the course of the interview, RODRIGUEZ stated that he arrived at the Walgreens parking lot to receive narcotics in order to deliver it to another individual.

## CONCLUSION

Based upon my training, experience, and the abovementioned facts, I submit that

4

there is probable cause to believe that PURDY, RIJOS and RODRIGUEZ have committed the following violation of Federal Laws: conspiracy to possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, all in violation of 21 U.S.C. § 846.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Harry Schmidt
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this 14th day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| United States of America | ) |
|---|---|
| v. | ) Case No. 13-520(M) |
| Scott Wesley PURDY | ) |
| | ) |
| | ) |
| | ) |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Scott Wesley PURDY,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. Section 846.

Date: 5/14/13

_____
*Issuing officer's signature*

City and state: SAN JUAN, PUERTO RICO

MARCOS E. LÓPEZ, U.S. MAGISTRATE JUDGE
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*